UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE DANIEL ROBINSON, | No. 2:22-cv-1588 AC |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a civil detainee proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion to proceed in forma pauperis will be granted.

As a civil detainee, plaintiff is not subject to the Prison Litigation Reform Act's ("PLRA") requirements regarding the payment of administrative fees. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Therefore, an order directing the custodial hospital to collect filing fees from plaintiff's trust account will not issue.

////

////

II.     Statutory Screening of Prisoner Complaints

Although plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and his complaint must be screened by the court in accordance with 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," "fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief."  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The events described in the complaint occurred while plaintiff was an inmate at California State Prison-Sacramento ("CSP-Sac"). ECF No. 1 at 1. Plaintiff names the warden, a correctional sergeant, and four correctional officers at CSP-Sac as defendants in this action. ECF No. 1 at 1-3.

Plaintiff alleges that defendants Caruso, Jones, and Acuna physically and sexually assaulted him during a cell extraction on or about May 26, 2022. Defendant Torres was the tower officer who opened plaintiff's door and allowed these defendants into plaintiff's cell. After plaintiff was assaulted, he was also pepper sprayed. Defendant Acuna refused to allow plaintiff to shower to decontaminate himself from the pepper spray. Then defendants Jones, Qzada, and Acuna took plaintiff's religious property from his cell in retaliation.

After these events, plaintiff sent a letter to defendant Lynch, the prison warden, to notify him about what had happened.

### IV. Claims for Which a Response Will Be Required

After conducting the required screening, the court finds that plaintiff has stated a cognizable Eighth Amendment excessive force claim against defendants Jones and Acuna; an Eighth Amendment sexual assault claim against defendant Caruso; and an Eighth Amendment deliberate indifference claim against defendant Acuna. These defendants will be required to respond to those claims.

////

V.     Failure to State a Claim

The allegations in the complaint do not adequately link defendant Torres to the assault of plaintiff on May 26, 2022.  Plaintiff alleges only that defendant Torres was responsible for unlocking plaintiff's cell door from the tower.  There is no further information provided that explains how defendant Torres knew or should have known that defendants Caruso, Jones, and Acuna were going to assault plaintiff.  In order to state a claim, there must be an actual connection or link between the actions of the individual defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  The allegations in the complaint fail to link defendant Torres to the asserted Eighth Amendment violations, and plaintiff has therefore failed to state a claim against Torres.

For similar reasons, the complaint does not state a claim against defendant Lynch, the prison warden, who learned of the assault after it had happened.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  In this case, the complaint does not establish that defendant Lynch knew about the assault before-hand and failed to prevent it.

Additionally, plaintiff does not sufficiently state a First Amendment retaliation claim against defendants Jones, Quzada, and Acuna for confiscating his religious property. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); see Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances). In this case, the complaint does not explain how the confiscation of plaintiff's religious property lacked a legitimate correctional goal or chilled his First Amendment rights. See Rhodes, 408 F.3d at 567-568.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claim against defendants Lynch, Quzada, or Torres, nor any First Amendment retaliation claim against any defendant. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Caruso, Jones, and Acuna on his Eighth Amendment claims described in Section IV, *or* he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Caruso, Jones, and Acuna without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Lynch, Quzada, and Torres, as well as all First Amendment retaliation claims.

VII.   Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have a choice to make. **You may either (1) proceed immediately on your Eighth Amendment claims against defendants Caruso, Jones, and Acuna and voluntarily dismiss the other claims and defendants, or (2) amend the complaint to try to fix the problems with the remaining claims and defendants.** If you want to go forward without amending the

6

complaint, you will be voluntarily dismissing without prejudice your claims defendants Lynch, Quzada, and Torres, as well as all First Amendment retaliation claims.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. Any claims and information not in the first amended complaint will not be considered. You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's claims against defendants Lynch, Quzada, and Torres, as well as all First Amendment retaliation allegations, do not state a claim upon which relief may be granted.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Caruso, Jones and Acuna as set forth in Section IV above, or to amend the complaint.

4. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Lynch, Quzada, and Torres, as well as all First Amendment retaliation claims.

DATED: May 21, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE DANIEL ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01588 AC<br><br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Caruso, Jones, and Acuna without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice defendants Lynch, Quzada, and Torres, as well as all the First Amendment retaliation claims pursuant to Federal Rule of Civil Procedure 41(a).

　　　　OR

\_\_\_\_\_ Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Jermaine Daniel Robinson
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1